# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

LENARD HARRIS,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　Petitioner,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　Case No. CV408-076
　　　　　　　　　　　　　　　　　)
STATE OF GEORGIA, AL ST.　　　　 )
LAWRENCE, et al.,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　Respondents.　　　　　　　　)

## REPORT AND RECOMMENDATION

Lenard Harris has filed yet another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with a motion to proceed without prepayment of the $5.00 filing fee.[1] (Docs. 1, 2.) Harris, however, has not named a proper respondent or exhausted his state remedies. Consequently, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, his petition should be summarily **DISMISSED**.

---

[1] This is the seventh petition he has filed since 2005. Harris v. St. Lawrence, No. CV405-152 (S.D. Ga. Oct. 4, 2005); Harris v. St. Lawrence, No. CV406-158 (S.D. Ga. Aug. 29, 2006); Harris v. St. Lawrence, No. CV406-173 (S.D. Ga. Oct. 16, 2006); Harris v. Sheriff, No. CV407-053 (S.D. Ga. Oct. 1, 2007); Harris v. Georgia, No. CV408-002 (S.D. Ga. Jan. 23, 2008); Harris v. Georgia, No. CV408-052 (S.D. Ga. filed Mar. 17, 2008).

Harris names "State of Georgia Child Support et al." as the respondent in this petition. (Doc. 1 at 1.) According to Rule 2(a) of the Rules Governing Section 2254 Cases, however, "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."[2] Harris admits that he is currently confined in the Chatham County Jail. (Id.) The proper respondent, therefore, is the sheriff in charge of the facility. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held.") Thus, Al St. Lawrence, Chatham County Sheriff, is the proper respondent in this case. Chatham County Sheriff's Dep't, http://www.chathamsheriff.org (last visited Apr. 17, 2008).

In addition to naming an improper respondent, it is apparent from the face of the petition that Harris has not exhausted his state remedies. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it

---

[2] The petition clearly states that a petitioner should enter the "[n]ame of the Warden, Superintendent, Jailer, or authorized person having custody of petitioner" as the respondent. (Doc. 1 at 1.) Harris blatantly ignored those instructions.

2

appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Harris was imprisoned for contempt of court for failure to make required child support payments. (Doc. 1 at 2, 4.) He states that he has directly appealed his contempt conviction. (Id. at 2.) The "appeal," however, was taken in the Chatham County Superior Court, the same court that convicted Harris. (Id.)

Exhaustion of state court remedies requires a petitioner to "seek review in a state court of last resort" before his claims are deemed exhausted and a federal habeas petition may be filed. O'Sullivan v. Boerckel, 526 U.S. 838, 843 (1999). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. By his own admission Harris never gave the state the opportunity to meaningfully review his claims.

As it "plainly appears from the petition . . . that the petitioner is not entitled to relief," the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases.

Accordingly, Harris' petition should be **DISMISSED** for lack of exhaustion.[3]

**SO REPORTED AND RECOMMENDED** this 23rd day of April, 2008.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

[3] The Court also notes that Harris lied on the face of his petition. In response to question 10 on the Court's standard § 2254 form application, he stated, under penalty of perjury, that he has not "previously filed any petitions, applications or motions with respect to this judgment in any court, state or federal." (Doc. 1 at 2.) As noted above, this is the seventh habeas corpus petition he has filed since 2005. Of those, at least two have attacked the present conviction. See Harris v. Georgia, No. CV408-002 (S.D. Ga. Jan. 23, 2008); Harris v. Georgia, No. CV408-052 (S.D. Ga. filed Mar. 17, 2008).

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a filing. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice after finding that plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), abrogated on other grounds by Jones v. Bock, 127 S. Ct. 910 (2007). This Court will not tolerate deliberately false responses in any pleading submitted by a pro se litigant. While a pro se pleading is entitled to a liberal construction, that doctrine presupposes that the prisoner was honest and forthright with the Court. Providing false information in a pleading is sanctionable conduct and undermines the administration of justice. Dismissal is an appropriate sanction in this instance. Harris is warned that such false responses will not be tolerated and may result in severe sanctions in the future.